Catherine Cabalo, Esq. (CA Bar No. 248198)
Peiffer Wolf Carr Kane & Conway LLP
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: ccabalo@peifferwolf.com

*Attorneys for Plaintiffs*
*Abdul Nevarez and Priscilla Nevarez*

Mark F. Hazelwood, Esq. (CA Bar No. 136521)
Christina M. Forst, Esq. (CA Bar No. 306632)
Allen, Glaessner, Hazelwood & Werth LLP
180 Montgomery St., Suite 1200
San Francisco, CA 94104
Telephone: 415.697.2000
Facsimile: 415.813.2045
Email: mhazelwood@aghwlaw.com
         cforst@aghwlaw.com

*Attorneys for Defendant*
*City of Fairfield*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF FAIRFIELD and Does 1-10, Inclusive,<br><br>        Defendants. | Case No. 2:20-cv-00317-AC<br><br><u>Civil Rights</u><br><br>**CONSENT DECREE & [PROPOSED] ORDER**<br><br>Complaint Filed: February 11, 2020<br>Trial Date: Not assigned |

1. Plaintiffs Abdul Nevarez and Priscilla Nevarez (together "Plaintiffs") filed a Complaint in this action on February 11, 2020 for injunctive and declaratory relief, damages, and other restitution for their alleged discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendant City of Fairfield (the "City"), in connection with or arising out of the condition of and policies at Paradise Valley Golf Course, located at or about 3950 Paradise Valley Drive, Fairfield CA, and related properties and buildings (the "Course") as of December 27, 2018 and continuing. Plaintiffs have alleged that the City violated Title II of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh") by failing to provide full and equal access to the disabled at the Course.

2. Plaintiffs and the City (together the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving all issues in this lawsuit without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of Unruh.

4. To avoid the costs, expense, and uncertainty of litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims and causes of action raised in the Complaint. Nothing in this Consent Decree and Order should be considered an admission of liability by the City; liability is expressly disclaimed. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

CONSENT DECREE & [PROPOSED] ORDER
CASE NO: 2:20-cv-00317-AC
440308.1

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' claims against the City that have arisen out of the subject Complaint.

6. **Remedial Measures:** The City agrees to create/complete *and maintain* the following:

a. **ParaGolfer adaptive golf cart:** The City agrees to acquire and make available at the Course a single ParaGolfer adaptive golf cart ("ParaGolfer") by August 22, 2021. This ParaGolfer will be housed generally at the Course and rented to disabled golfers for any of the City's golf courses on a first-reserved, first-served basis, with at least 24 hours of notice of reservation. If the ParaGolfer is available and in good working condition, the City will allow same-day requests for ParaGolfer use, based on a first-come, first served basis. The City will use commercially reasonable efforts to maintain and repair the ParaGolfer to keep it in good working condition in accordance with the ParaGolfer's manufacturer's specifications and the Course's usual practices and schedule of maintaining carts for able-bodied golfers, as applied to the needs and manufacturer's specifications of the ParaGolfer – including without limitation, keeping the ParaGolfer charged and ensuring appropriate tire pressure. The ParaGolfer will be for the *sole use* of the City's golf courses (i.e., it will not be lent out to other golf courses not owned or operated by the City).

b. **Physical Barrier Removal**: Attached to this Consent Decree and Order as **Attachment A** is a detailed description of the physical barriers that the City agrees to remove/remediate.

c. **Policy Changes**: Attached to this Consent Decree and Order as **Attachment B** is a detailed description of the policy changes the City agrees to implement.

d. **Timing of Completion of Attachments A & B**: All parking issues will be

fixed within 2.5 years of City Council approval, of May 4, 2021. Maintenance issues, such as door pressures and closing speed will be completed by the end of 2021. All other issues will be fixed within 1 year of City Council approval of May 4, 2021.

      e.    **Delay or impossibility**: Plaintiffs acknowledge that if any of the remedial measures set forth above in paragraphs 6(a-d) and **Attachments A & B** are rendered impossible by force majeure or any action, denial, or other restriction imposed by any governmental, quasi-governmental agency, authority, board, body, department, commission, bureau or official, or third party which is not under the City's control, the City will not be deemed to have violated this Consent Decree and Order, so long as the City makes and continue to make a good faith effort to secure the necessary approvals, permits, or explore alternative measures that would resolve the issue or issues causing the unavailability of the ParaGolfer. The Parties further agree that any delays in complying with the terms of paragraphs 6(a-d) and **Attachments A & B** caused by third parties, including but not limited to, the manufacturer of the specified golf cart, shippers, inspectors and others will not be deemed to violate the compliance date set forth herein as long as the City makes a good faith effort at implementation as soon as reasonably possible thereafter. The Parties further agree that difficulty in financing the purchase of the ParaGolfer is not within the scope of this paragraph 6(e).

      f.    **Compliance:** The City or its counsel will notify Plaintiffs' counsel when the Course has completed each of the injunctive relief terms described above in paragraphs 6(a-d) and **Attachments A & B**. If unforeseen difficulties prevent the City from completing any of the injunctive relief terms described above in paragraphs 6(a-d) or **Attachments A & B**, the City or its counsel will notify Plaintiffs' counsel in writing within five (5) days of discovering the delay. Plaintiffs will have twenty (20) days to investigate and meet and confer, and to approve the delay

by stipulation or otherwise respond to the City's notice. If the Parties cannot reach agreement regarding the delay within an additional twenty (20) days, Plaintiffs may seek enforcement by the Court and reserve the right to seek reasonable attorneys' fees from the City for any legal work directly related to this matter necessitated by the intentional or negligent failure of the City (not including the reasons for delay or nonperformance set forth in Section 6(e) to abide by this Consent Decree and Order. If the Parties disagree on the amount of reasonable attorneys' fees, such fees shall be determined by the Court.

   g. **Notices:** Notices to Plaintiffs shall be made to their counsel via email to ccabalo@peifferwolf.com. Notices to Defendants shall be made to their counsel via email to mhazelwood@aghwlaw.com.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

  7. The City will pay Plaintiffs $72,000 to settle all claims for monetary relief, including damages, attorneys' fees, litigation expenses, and costs, to be allocated by Plaintiffs and their attorneys without further involvement of the City. This total sum represents $23,500.00 in personal injury and civil rights damages to Plaintiffs and $48,500.00 in attorneys' fees, litigation expenses, and costs. Payment(s) described in this paragraph will be delivered to Plaintiff's counsel within thirty (30) days of City Council's approval of the settlement terms described in this Consent Decree and Order. Payment delivery terms are memorialized in **Attachment C**, which will not be filed with this Consent Decree and Order.

**ENTIRE CONSENT DECREE AND ORDER:**

  8. This Consent Decree and Order and **Attachments A, B, & C** constitute the entire agreement between the signing Parties as to all claims for relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that

is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein. There are no intended third-party beneficiaries to this Agreement other than those expressly set forth in this Agreement.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order and **Attachments A, B, & C** shall be binding on Plaintiffs, the City, and any successors-in-interest. The City has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the

California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

11.     Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order and on behalf of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order and **Attachments A, B, & C** shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of thirty-three (33) months after the date of entry of this Consent Decree and Order by the Court or until all injunctive relief described above in paragraphs 6(a-d) and in **Attachments A & B** is completed and Plaintiffs are notified, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order or either of the attachments is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: _____, 2021            PLAINTIFF ABDUL NEVAREZ

                                   _____
                                   ABDUL NEVAREZ

Dated: _____, 2021            PLAINTIFF PRISCILLA NEVAREZ

                                   _____
                                   PRISCILLA NEVAREZ

Dated: _____, 2021            DEFENDANT CITY OF FAIRFIELD

                                   By: _____

                                   Print Name: _____

                                   Title: _____

APPROVED AS TO FORM:

Dated: _____, 2021            PEIFFER WOLF CARR KANE & CONWAY LLP

                                   By:
                                       Catherine Cabalo
                                       Attorneys for Plaintiffs
                                       ABDUL NEVAREZ and PRISCILLA
                                       NEVAREZ

Dated: _____, 2021            ALLEN, GLAESSNER, HAZELWOOD &
                                   WERTH LLP

                                   By: _____
                                       Mark F. Hazelwood
                                       Attorney for Defendant
                                       CITY OF FAIRFIELD

9

CONSENT DECREE & [PROPOSED] ORDER
CASE NO: 2:20-cv-00317-AC
440308.1

## **ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: June 10, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE